
FILED

APR 0 8 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5
6
7

8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

11   JORGE NUNEZ-DUENAS,                    Case No.: 16-cv-1589-BEN
                                                      04-cr-2303-BEN
12                          Movant,

13   v.                                     **ORDER DENYING MOTION TO
                                            VACATE, SET ASIDE, OR
14   UNITED STATES OF AMERICA,              CORRECT A SENTENCE UNDER
                                            28 U.S.C. § 2255**
15                          Respondent.

16

17        Movant Jorge Nunez-Duenas filed a Motion to Vacate, Set Aside, or Correct a

18   Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States opposes the

19   motion. For the reasons set forth below, the Court denies the motion.

20                                **BACKGROUND**

21        In 2004, Nunez-Duenas was charged with the crime of illegal entry into the United

22   States. He pleaded guilty and was sentenced. The sentence was 48 months in prison in

23   January 2005. As part of his plea agreement and during the sentencing, Nunez-Duenas

24   waived his right to appeal or collaterally attack his sentence. In June 2016, he filed the

25   instant motion for collateral relief under § 2255.

26        Under § 2255, a movant is entitled to relief if the sentence: (1) was imposed in

27   violation of the Constitution or the laws of the United States; (2) was given by a court

28

1    without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by

2    law; or (4) is otherwise subject to collateral attack. Title 28 U.S.C. § 2255.

3    **DISCUSSION**

4    The motion fails on several grounds. *First*, Movant validly waived his right to

5    collaterally attack his sentence. The record discloses no issues as to the voluntariness of

6    the plea and waiver. *Second*, under § 2255(f), the motion is untimely as it was filed more

7    than twelve months after his conviction became final. Here, the motion is untimely and

8    is barred by the statute of limitations. *Third*, contrary to his contentions, Movant's

9    sentence was not unconstitutionally enhanced under *Johnson v. United States*, 135 S. Ct.

10    2551 (2015). In *Johnson*, the Supreme Court considered language in the Armed Career

11    Criminal Act ("ACCA"). The Supreme Court examined the definition of "violent

12    felony" and held that a portion of that definition known as the "residual clause" is void

13    for vagueness. However, Movant was not sentenced under the residual clause of the

14    violent felony definition of the ACCA. Rather, he was sentenced pursuant to 18 U.S.C.

15    § 3553 as guided by the U.S. Sentencing Guidelines § 2L1.2(b). Reading the motion

16    liberally, when it was still an open question, Movant challenged the U.S. Sentencing

17    Guidelines as unconstitutionally vague based on the same reasoning as *Johnson*.

18    However, since the motion was filed, the Supreme Court has rejected the argument in

19    *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the federal Sentencing

20    Guidelines are not subject to vagueness challenges under the Due Process Clause.

21    Therefore, the motion is denied because: (1) Movant validly waived his right to

22    collateral attack; (2) the motion is barred by the statute of limitations; and (3) the motion

23    is without merit.

24    **CONCLUSION**

25    The Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

26    A court may issue a certificate of appealability where the movant has made a

27    "substantial showing of the denial of a constitutional right," and reasonable jurists could

28    debate whether the motion should have been resolved differently, or that the issues

2

presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: _8/08/2019_

**HON. ROGER T. BENITEZ**
United States District Court Judge